UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGELO VELEZ, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00474-JMS-MJD |
| ) | |
| BREWER, ) | |
| FOSTER, ) | |
| LEE ANNE, ) | |
| CHAPMAN, ) | |
| HOLCOMB, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Motion for Summary Judgment and Directing Further Action**

Plaintiff Angelo Velez, Jr., alleges that Defendant Randall Brewer used excessive force on him; Defendants Sarah Chapman, Cynthia Holcomb, and Melissa Foster failed to protect him from the excessive force; and Defendant Lee Ann Murray failed to provide adequate medical care after the incident of excessive force. Dkt. 12. The State Defendants (Defendants Brewer, Chapman, Holcomb, and Foster) move for summary judgment as to the excessive force and failure-to-protect claims against them,[1] and Nurse Murray moves for summary judgment as to the medical-care claims against her. All Defendants argue that Mr. Velez failed to exhaust his available administrative remedies as to these claims required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. Dkts. 28, 32. For the reasons explained below, the motions, dkts. [28] and [32], are **denied**.

---

[1] Mr. Velez also pursues other claims against the State Defendants, but they are not pursuing the exhaustion defense as to those claims, *see* dkt. 32 at 1–2, and the Court does not discuss them further.

# I.
## Summary Judgment Standard

Parties in a civil dispute may move for summary judgment, a way to resolve a case short of a trial. See Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute over any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

# II.
## Factual Background

Mr. Velez is incarcerated at Wabash Valley Correctional Facility, an Indiana Department of Correction ("IDOC") facility. At all relevant times, the IDOC has maintained a grievance process. Dkt. 34-5 at 1; dkt. 34-1. The grievance process consists of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. Dkt. 34-1 at 3. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. Dkt. 34-5 at 3.

Defendants submitted evidence about a number of grievances Mr. Velez filed, but he focuses on only three grievances that potentially served to fulfill the exhaustion requirements for the events at issue in this case—Grievances 155094, 155230, and 154852, which were submitted between April 25 and May 2, 2023. *See, e.g.*, dkt. 44-1 (Mr. Velez's affidavit identifying relevant grievances); dkt. 47-1 (grievance records). The Court thus focuses on those grievances.

Everyone agrees that Mr. Velez failed to pursue all the required appeals as to Grievances 155094, 155230, and 154852. Mr. Velez asserts under penalties of perjury that he did not pursue all the required appeals because he was afraid to do so. Dkt. 44-1. Specifically, he states that, at some point in May 2023, Sergeant Brewer escorted him to the medical center for X-rays and, during that trip, said, "If you continue to push this issue you will not see that out date that is so close. Just leave it alone. The grievances and request for interview. If you . . . continue you will be sorry. Don't you miss your freedom?" *Id.* at 3–4. After that, Officer Brewer told other inmates that he was a "check in, snitch, bitch." *Id.* at 4. Other inmates then told Mr. Velez that he would not make it home if he continued filing grievances. *Id.* At that point, Mr. Velez stopped the grievance process for Grievances 155094, 155230, and 154852 because the threats frightened him. *Id.* He did, however, submit grievances about other issues. *Id.* at 4–5.

In her reply, Nurse Murray filed documents suggesting that the May 2023 X-ray trip must have occurred on May 12, 2023. Dkt. 47-2. Both she and the State Defendants point the Court to evidence showing that, after that date, Mr. Velez continued to pursue grievances, including first-level appeal documents related to Grievance 155230 that were submitted in June 2023, as well as grievances that Mr. Velez contends are not related to the events at issue in this lawsuit. *See generally* dkt. 47-1; *see also* dkt. 47-1 at 12 (undated appeal as to Grievance 155230 showing that the grievance response being appealed from was received on June 2, 2023); dkt. 47 at 2–5

(discussing Mr. Velez's grievance history); dkt. 48 (discussing Mr. Velez's grievance history); dkts. 49, 50 (Mr. Velez's surreplies identifying grievances he contends are unrelated). Nurse Murray also asks the Court to consider Mr. Velez's complaint, in which he alleged that he had completed the grievance process for the issues raised in the complaint without mentioning Sergeant Brewer's alleged threats. *See* dkt. 2 at 13 ("Lastly I would like to point out that I have completed the grievance process for each issue listed in this complaint.").

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

That said, an inmate need only exhaust administrative remedies that are available, and an unavailable remedy need not be exhausted. *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022). Moreover, a remedy "is not considered 'available' to an inmate who is prevented by threats or intimidation by prison officials from submitting a grievance according to the prescribed policies." *Id.*

It is undisputed that Mr. Velez failed to pursue any grievances related to the events at issue in this lawsuit through all three levels of the IDOC's grievance process. At summary judgment, however, the Court must credit Mr. Velez's sworn statements that Sergeant Brewer warned him against pursuing more grievances if he wanted to see his release date and told other inmates that Mr. Velez was a "check-in, snitch, bitch," which caused those inmates to tell Mr. Velez that he would not make it home if he kept filing grievances, which in turn made Mr. Velez decide to stop pursuing the grievances at issue here. If credited, those facts are sufficient to support a finding that the steps of the grievance process remaining after Sergeant Brewer made his threats were unavailable to Mr. Velez.

Defendants invite the Court to look behind those statements by comparing the dates of other grievance documents he filed—some with respect to grievances not related to the events at issue in this lawsuit and at least one related to Grievance 155230—to the date of Sergeant Brewer's alleged threat and conclude that Mr. Velez must be lying because he continued to pursue grievances after the threat. Nurse Murray also asks the Court to discount Mr. Velez's allegations about Sergeant Brewer's threats because Mr. Velez did not include them in the complaint and instead simply said that he had completed the grievance process. But all those arguments are arguments about Mr. Velez's credibility, which the Court cannot resolve at summary judgment. Accordingly, Defendants' summary judgment motions must be **denied**.

### IV.
### Conclusion

For the reasons stated above, Defendants' motions for summary judgment on the issue of administrative exhaustion, dkts. [28] and [32], are **denied**. Mr. Velez's motion asking for a ruling on the summary judgment motions, dkt. [52], is **granted** to the extent that the Court has now ruled on the motions. Within **14 days of the date of this Order**, they shall either withdraw their

5

exhaustion defense or inform the court that they wish to proceed to a *Pavey* hearing. Failure to respond by that deadline will be interpreted by the court as a withdrawal of the defense.

    **IT IS SO ORDERED**.

Date: 1/24/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ANGELO VELEZ, JR.
220728
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Lisa G. Arnold
Bleeke Dillon Crandall, P.C.
lisa@bleekedilloncrandall.com

Kirk D. Bagrowski
Eichhorn & Eichhorn, LLP
kbagrowski@eichhorn-law.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Katrin Christine Hodson
Eichhorn & Eichhorn, LLP
khodson@eichhorn-law.com